UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/29/12
```

------------------------------------------------------------X
TRUSTEES OF THE IATSE ANNUITY FUND AND        :
THE IATSE NATIONAL HEALTH AND WELFARE         :
FUND,                                          :
                                               :
                          Plaintiffs,          :        11 Civ. 6166 (JMF)
                                               :
                                               :        MEMORANDUM
            -v-                                :        OPINION AND
                                               :        ORDER
BACKSTAGE LIGHTING AND RIGGING, OMELIO         :
LLC, *d/b/a Backstage Lighting and Rigging*,   :
                                               :
                          Defendant.           :
                                               :
------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        Plaintiffs, the Trustees of the International Alliance of Theatrical Stage Employees

Moving Picture Technicians, Artists and Allied Crafts of the United States and Canada

("IATSE") Annuity Fund and the IATSE National Health and Welfare Fund (the "IATSE

Annuity and Health Funds" or the "Funds"), bring this action against Defendant Backstage

Lighting and Rigging, Omelio LLC, doing business as Backstage Lighting and Rigging, alleging

that Defendant violated the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §

1101 *et seq.*, by failing to make required contributions to the IATSE Annuity and Health Funds.

Plaintiffs seek to recover the unpaid contributions, as well as interest, liquidated damages,

attorney's fees, and costs.  Now pending is Plaintiffs' motion for summary judgment, which

Defendant has not opposed.  For the reasons set forth below, the motion is GRANTED.

## BACKGROUND

        Because Plaintiffs' motion is unopposed, the Court considers the following facts,

proffered by Plaintiffs and supported by documentary evidence, to be undisputed for purposes of

this motion. *See* FED. R. CIV. P. 56(e)(2) (authorizing district courts to consider unopposed facts

undisputed); *Vt. Teddy Bear Co. v. 1–800 Beargram Co. Inc.*, 373 F.3d 241, 244, 246 (2d Cir.

2004) (noting that the non-movant's failure to oppose a motion for summary judgment "allow[s]

the district court to accept the movant's factual assertions as true," provided that the court is

"satisfied that the citation to evidence in the record supports the assertion"); *see also* LOCAL R.

CIV. P. 56.1(c) (directing district courts to admit facts contained in the Rule 56.1 Statement of

Material Facts "unless specifically controverted by a correspondingly numbered paragraph in the

statement required to be served by the opposing party").

  The IATSE Annuity and Health Funds are "employee benefit plans" established under

Section 302(c)(5) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 186(c)(5),

and within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3).  (Am. Compl. ¶ 5).  The

Funds receive contributions from employers who are parties to collective bargaining agreements

("CBAs") with IATSE unions.  Defendant is one of the Funds' contributing employers and is

obligated to contribute to the Funds pursuant to its successive CBAs with IATSE Local 534.

(Fife Decl. Ex. A at Art. XIV; Ex. B at Art. XIV; Ex. C at Arts. XIII, XVIII; Pls.' Rule 56.1

Statement ¶¶ 1-2).  Plaintiffs, who administer the Funds, contend that, from January 1, 2006,

through the first quarter of 2012, Defendant employed Local 534 members but failed to pay the

fringe benefit contributions required under the terms of the CBAs.

  On September 2, 2011, Plaintiffs filed this action, requesting, among other things, that the

Court order Defendant to pay the allegedly unpaid contributions, interest, liquidated damages,

and costs, including attorney's fees.  (Docket No. 1).  On January 10, 2012, Plaintiffs filed an

amended complaint, and on January 20, 2012, Defendant filed an answer.  (Docket Nos. 13 &

16).  On July 19, 2012, Plaintiffs moved for summary judgment, arguing that there are no issues of material fact in dispute as to Defendant's liability to the Funds.  (Docket No. 30).  Plaintiffs served Defendant on the same day.  (Docket No. 36).  By joint letter dated July 23, 2012, the parties requested an extension of Defendant's time to oppose the summary judgment motion through August 2, 2012.  (Docket No. 37).

By letter dated August 2, 2012, however, Defendant's counsel, Lindabury, McCormick, Estabrook & Cooper, P.C. ("Lindabury"), informed the Court that Defendant had instructed it to cease all work on the matter and not to file any opposition to the motion for summary judgment, and that Lindabury had apprised Defendant of the possible consequences of the failure to file a response to the summary judgment motion.  (Docket No. 39).  In addition, Lindabury asked for permission to withdraw as defense counsel.  (*Id.*).  On August 3, 2012, the Court granted Lindabury's motion to withdraw and gave Defendant three weeks to obtain substitute counsel.  (Docket No. 38).  The Court also ordered that Defendant's opposition to the motion for summary judgment was due no later than twenty-one days after it retained counsel.  (*Id.*).

By letter dated August 24, 2012, Ashford-Schael LLC, informed the Court that it had been retained as defense counsel in this matter.  (Docket No. 40).  Pursuant to the August 3, 2012 order, the Court instructed that Defendant's opposition to the motion for summary judgment was due on or before September 14, 2012.  (*Id.*).  Although defense counsel filed a notice of appearance on September 5, 2012 (Docket No. 41), Defendant did not file any opposition to the motion for summary judgment.  By letter dated September 20, 2012, Plaintiffs' counsel informed the Court that all efforts to contact defense counsel had been unsuccessful.  (Docket No. 42).

Plaintiffs also requested that, because no opposition had been filed, the Court consider the motion for summary judgment to be fully briefed.  (*Id.*).

## DISCUSSION

### A.  Standard of Review

Summary judgment is appropriate when the record demonstrates that there are no genuine issues of material fact in dispute and that one party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, that demonstrate the absence of a genuine issue of material fact. *See* FED. R. CIV. P. 56(c); *Celotex*, 477 U.S. at 322.  In ruling on a motion for summary judgment, all evidence must be viewed in the light most favorable to the non-moving party, *Overton v. N.Y. State Div. of Military & Naval Affairs*, 373 F.3d 83, 89 (2d Cir. 2004), and the court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

When, as here, a summary judgment motion is unopposed, "[t]he fact that there has been no [such] response . . . does not . . . [by itself] mean that the motion is to be granted automatically."  *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996); *see also Vt. Teddy Bear*, 373 F.3d at 244.  Instead, a court must (1) determine what material facts, if any, are disputed in

the record presented on the motion; and (2) assure itself that, based on those undisputed material

facts, the law indeed warrants judgment for the moving party. *See Champion*, 76 F.3d at 486.

The motion may fail if the movant's submission fails to establish that no material issue of fact

remains for trial, *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001), or if the "undisputed facts

fail to show that the moving party is entitled to judgment as a matter of law," *Vt. Teddy Bear*,

373 F.3d at 244 (internal citation and quotation marks omitted).

## B. Plaintiffs' ERISA Claim

Plaintiffs assert that there are no material issues of fact in dispute that prevent the Court

from granting judgment on their claims regarding Defendant's failure to pay the required

contributions for the period between January 1, 2005, and the first quarter of 2012.  To the extent

relevant here, Section 515 of ERISA requires any employer that is "obligated to make

contributions to a multiemployer plan under the terms of the plan or under the terms of a

collectively bargained agreement" to "make such contributions in accordance with the terms and

conditions of such plan or such agreement."  29 U.S.C. § 1145.  The undisputed evidence before

the Court demonstrates that, pursuant to the CBAs and corresponding trust agreements,[1]

Defendant was required to remit benefit contributions to the Funds for employees who

performed work that falls under the jurisdiction of Local 534.  (*See* Fife Decl. ¶¶ 7, 9-13 & Ex. A

at Art. XIV, Ex. B at Art. XIV, Ex. C at Art. XIII, Ex. D at Art. XIV, Ex. E at Art. XIV, Ex. F at

Art. XIV, Ex. G at Art. IX.1(a), Ex. H at Art. IX.1(a); *see also* Pls.' Rule 56.1 Statement ¶ 2).

---

[1]        Under the terms of the relevant CBAs, Defendant agreed to be bound by the terms of the
Agreement and Declaration of Trust establishing the IATSE Annuity Fund and amendments
thereto; the Agreement and Declaration of Trust establishing the IATSE National Health and
Welfare Fund (collectively the "Trust Agreements"); and the Statement of Policy and Procedures
for Collection of Contributions Payable by Employers (the "Delinquency Guidelines").  (*See* Fife
Decl. Ex. B at Art. XIV; Ex. C at Art. XIII).

The undisputed evidence — including, but not limited to, pay stubs for IATSE-covered employees indicating the hours of work, pay rates, and contributions that Defendant owed to the Funds — shows also that from January 1, 2006, until the first quarter of 2012, Defendant did not contribute any of the expected monies to the Funds.  (Sigelakis Decl. ¶¶ 2-3 & Exs. K & L).  According to Plaintiffs' uncontested submissions, Defendant owes $91,824.08 in delinquent contributions to the Annuity Fund and $88,612.53 in delinquent contributions to the Health Fund.  (*See* Serrano Decl. ¶¶ 5, 6 & Ex. N; Sigelakis Decl. Exs. K & L).

Putting aside the cursory denials in Defendant's answer to Plaintiffs' amended complaint (*see* Docket No. 16), Defendant has not challenged the accuracy of Plaintiffs' claims at all.  Defendant's general denial in its answer, unsupported by details or evidence, however, cannot defeat Plaintiffs' motion for summary judgment.  *See Golden Pac. Bancorp v. FDIC*, 375 F.3d 196, 200 (2d Cir. 2004) (noting that to defeat a motion for summary judgment, "[t]he non-moving party may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful" (quoting *D'Amico v. City of N.Y.*, 132 F.3d 145, 149 (2d Cir. 1998)); *Cement & Concrete Workers Dist. Council Welfare Fund v. Angel Const. Grp. LLC*, No. 08-CV-1672, 2010 WL 3463181, at *4 (E.D.N.Y. June 15, 2010) (finding plaintiffs' records submitted in support of their unopposed motion for summary judgment demonstrated that defendant failed to comply with its obligations under ERISA and the CBA).

The Court is "satisfied that the citation to evidence in the record supports the assertion[s]" alleged by Plaintiffs.  *Vt. Teddy Bear*, 373 F.3d at 244.  Accordingly, the Court finds that Plaintiffs have met their burden of proving that Defendant violated Section 515 of

6

ERISA and owes $88,612.53 in delinquent contributions to the Health Fund and $91,824.08 in delinquent contributions to the Annuity Fund.  In light of that conclusion and pursuant to ERISA's statutory language as discussed below, Plaintiffs are also entitled to an award of the following: (1) interest on the unpaid contributions; (2) liquidated damages; and (3) reasonable attorney's fees and costs.  29 U.S.C. § 1132(g)(2).

**C.  Interest on Unpaid Contributions**

ERISA entitles Plaintiffs to recover interest on unpaid contributions, calculated at the rate specified in the relevant CBA or, if no such rate is specified, at the rate prescribed under Title 26, United States Code, Section 6621.  *See* 29 U.S.C. § 1132(g)(2)(B).  In this case, the Trust Agreements provide that "[a] delinquent Employer shall be liable for . . . interest at the rate provided in the Delinquency Guidelines."  (Pls.' Rule 56.1 Statement ¶ 7; Fife Decl. Ex. G at Art. IX.4(d); Ex. H at Art. 9.4(d)).  The Delinquency Guidelines, in turn, provide that delinquent employers shall be charged an interest rate of prime plus one percent on late contributions.  (Fife Decl. Ex. I at § 6; Ex. J at § 6).

According to Plaintiffs' submissions, including sworn affidavits (*see* Serano Decl. ¶¶ 5-7 & Ex. N), as of May 30, 2012, Defendant owed $18,127.12 in interest to the Health Fund and $18,407.43 in interest to the Annuity Fund.  The Court has reviewed Plaintiffs' submissions and is satisfied that these calculations are correct.  However, because this amount represents only the interest owed as of May 30, 2012, and because interest has continued to accrue since that date, Plaintiffs are granted leave to submit to the Court an affidavit calculating the interest that has accrued since May 30, 2012, on the delinquent contributions.

**D.  Liquidated Damages**

ERISA provides that, in addition to the unpaid contribution amount and the interest due on unpaid contributions, Plaintiffs shall be awarded "an amount equal to the greater of — (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of [unpaid contributions]." 29 U.S.C. § 1132(g)(2)(C). Plaintiffs have requested that the Court award liquidated damages in the amount of interest on the unpaid contributions.  As noted, as of May 30, 2012, $36,534.55 in interest had accrued, which is greater than twenty percent of the unpaid contributions.  Accordingly, Plaintiffs will be awarded liquidated damages in the amount of the total interest on the unpaid contributions, to be calculated once Plaintiffs submit their above-mentioned affidavit calculating the interest that has accrued since May 30, 2012.

**E.  Attorney's Fees and Costs**

Finally, the Plaintiffs seek an award of attorney's fees and costs.  The law is clear that "[w]hen a plaintiff prevails in an ERISA action for unpaid contributions, an award of attorney's fees and costs under ERISA § 502(g)(2)(D) is mandatory." *Demopoulos v. Mystic Tank Lines Corp.*, No. 07 Civ. 9451, 2008 WL 4596274, at *5 (S.D.N.Y. Oct. 16, 2008).  Accordingly, Plaintiffs are directed to submit a detailed schedule, along with supporting documentation, of the attorney's fees and costs incurred in this action.

## CONCLUSION

For the reasons discussed above, Plaintiffs' motion for summary judgment is GRANTED.  (Docket No. 31).  By **December 5, 2012**, Plaintiffs shall file and serve (1) a detailed schedule, along with supporting documentation, of the attorney's fees and costs incurred

8

in this action; and (2) an affidavit calculating the interest that has accrued, or will accrue, on the delinquent contributions between May 30, 2012, and December 14, 2012.  By the same date, Plaintiffs shall submit to the Orders and Judgments Clerk of the Court a proposed judgment consistent with this Memorandum Opinion and Order, including interest and liquidated damages calculated through **December 14, 2012**.

Defendant may submit any objections to Plaintiffs' submissions by **December 12, 2012**.

SO ORDERED.

Dated: November 29, 2012
       New York, New York

JESSE M. FURMAN
United States District Judge

9